IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROLANDO E. MIDDER,<br><br>Defendant. | **8:22CR157**<br><br>**ORDER ON INITIAL REVIEW** |

On June 9, 2023, a jury found defendant Rolando E. Midder ("Midder") guilty of one count of sex trafficking a minor, in violation of 18 U.S.C. § 1591(a)(1), (b)(1), (b)(2), and two counts of producing child pornography, in violation of 18 U.S.C. § 2251(a) and (e) (Filing No. 121). The Court sentenced Midder to a term of life imprisonment on Count I, 30 years on Count II, and 30 years on Count III, to be followed by 10 years of supervised release (Filing No. 131).

Midder appealed, arguing "that the district court abused its discretion by admitting social media evidence and witness testimony, and that insufficient evidence supported his convictions." *United States v. Midder*, 139 F.4th 649, 651-52 (8th Cir. 2025). The Eighth Circuit affirmed, *see id.* at 652, and Midder filed a petition for rehearing, which the Eighth Circuit summarily denied, *see United States v. Midder*, 23-3041, 2025 WL 1901628, at *1 (8th Cir. July 10, 2025). Midder then petitioned the United States Supreme Court for a writ of certiorari, which was denied on December 15, 2025. *See Midder v. United States*, 146 S. Ct. 980, 223 L. Ed. 2d 431 (2025).

This matter is now before the Court for an initial review of Midder's *pro se* Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody (Filing No. 164). Also before the Court are various other motions submitted by Midder in relation to his § 2255 motion. Midder moves the Court (1) for leave to proceed

*in forma pauperis* (Filing No. 165); (2) "to file § 2255 in excess of 13 pages" (Filing No. 166); (3) to appoint counsel to represent him in his § 2255 proceedings (Filing No. 167); (4) "to expand Record to include Affidavits and notice of filing Affidavits and exhibits" (Filing No. 168); (5) "for Production of Documents, Casefile and certain exhibits from trial and suppression Hearing" (Filing No. 169); (6) for a 60-day extension to file a brief with his § 2255 (Filing No. 170); and (7) for an extension of time to reply to the government's anticipated response to his § 2255 motion (Filing No. 171). The Court will address Midder's § 2255 motion first.

## I. DISCUSSION

### A. § 2255 Motion

Under Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court must promptly review Midder's § 2255 motion. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that [Midder] is not entitled to relief, the judge must dismiss the motion." *Id.* Otherwise, the Court must order the United States Attorney to respond to the motion or "take other action the judge may order." *Id.*; *see also* 28 U.S.C. § 2255(b).

A § 2255 motion may be summarily dismissed without a hearing if "(1) [Midder's] allegations, accepted as true, would not entitle [him] to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995).

Applying that standard to Midder's § 2255 motion, the Court finds summary dismissal is not required in this case. Midder raises fifteen grounds for relief, mostly related to ineffective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Rankin v. Payne*, 141 F.4th 913, 927-28 (8th Cir. 2025). Though some of Midder's claims fail initial review, the Court declines to rule on the grounds related to ineffective assistance at this stage and will ask the United States Attorney to respond to

Midder's § 2255 motion on or before January 15, 2027. Some grounds are subject to summary dismissal, however.

### 1. Ground Thirteen

Ground Thirteen alleges Midder's counsel[1] was ineffective on appeal for "fail[ing] to specifically argue insufficient evidence" that the minor victim "'would be caused' to engage in a commercial sex act."

This argument is contradicted by the record. On direct appeal, Midder's counsel argued "that there was insufficient evidence to convict him on any of the three counts." *Midder*, 139 F.4th at 654. His counsel further argued that "the government failed to offer sufficient evidence of a commercial sex act." *Id.* at 655. While his counsel may not have used the specific "would be caused" language Midder highlights, the Eighth Circuit considered this exact issue, explaining that 18 U.S.C. § 1591(a) only requires evidence that "a person under the age of eighteen *will be caused to* engage in a commercial sex act." *Id.* (emphasis in original) (quoting 18 U.S.C. § 1591). The Eighth Circuit concluded that "the government's evidence that Midder posted J.C. for dates online, set up dates for J.C., and directed J.C. where to go for dates, was sufficient for a reasonable jury to find that Midder knew J.C. would 'be caused to engage in commercial sex.'" *Id.* For Ground Thirteen, it "plainly appears" Midder is not entitled to relief. *See* Rule 4, Advisory Committee Notes of the Rules Governing Section 2255 Proceedings in the United States District Courts.

### 2. Ground Fourteen

Ground Fourteen likewise provides no basis for relief. Although titled "Accumulated Ineffective Assistance of Counsel and Errors," the ground simply asks for leave to amend the § 2255 motion after Midder is able to "review the transcript in order to refresh his memory." But Midder's § 2255 motion makes clear he has a copy of both the

[1]Midder was represented by the same counsel at trial and on direct appeal.

trial and suppression-hearing transcripts, which he cites to frequently with specific pincites. This ground too is summarily dismissed. *See Engelen*, 68 F.3d at 240.

### B. *In Forma Pauperis* Affidavit

Midder has filed an "Affidavit or Declaration in Support of Motion for Leave to Proceed *In Forma Pauperis*" (Filing No. 165). But there is no fee for filing a § 2255 motion, so Midder need not pay anything to maintain this action. *See* Rule 3, Advisory Committee Notes of the Rules Governing Section 2255 Proceedings in the United States District Courts. And to this point, Midder has not identified any other fees or costs he might reasonably incur. This "motion" is denied without prejudice.

### C. Motion "to file § 2255 in excess of 13 pages"

Midder next asks the Court to allow him "to file his § 2255 motion in excess of 13 pages to include additional grounds" (Filing No. 166). Midder's 2255 motion spans thirty-nine hand-written pages and includes fifteen grounds for relief (Filing No. 164). The Court is unaware of any rule capping § 2255 motions at thirteen pages, so the Court accepts his thirty-nine page filing. No additional filing is needed.

Midder is warned, however, that federal law substantially limits the filing of a "second or successive" § 2255 motion.[2] Granting his request to exceed 13-pages should

---

[2]Section 2255(h) requires that an Eighth Circuit panel certify under 28 U.S.C. § 2244 that a "second or successive" § 2255 motion contain either:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

not be interpreted as a chance to file multiple § 2255 motions. Moreover, local rules limit a party's brief to 13,000 words. *See* NECivR 7.1(d)(1)(A).[3]

**D. Motion to Appoint Counsel**

Midder next asks the Court to appoint counsel to represent him in his § 2255 proceedings (Filing No. 167). Midder does not have a general right to appointed counsel to assist with his § 2255 motion. *See* 28 U.S.C. § 2255(g); *Walker v. United States*, 810 F.3d 568, 576 (8th Cir. 2016). Of course, the Court may appoint counsel for an indigent defendant if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B); *see also Abdullah v. Norris*, 18 F.3d 571, 573 (8th Cir. 1994) (describing the factors courts consider in exercising their discretion). But the Court does not find sufficient reason to appoint counsel to represent Midder at this time. *See McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997) (finding no abuse of discretion in refusing to appoint counsel where the defendant "clearly demonstrated at least a threshold ability to articulate his claims, and [was] capable of self-representation in this matter").

The Court will revisit the issue when it decides whether an evidentiary hearing is necessary to resolve Midder's ineffective-assistance claims. *See* Rule 8(c), Rules Governing Section 2255 Proceedings for the United States District Courts; *Abdullah*, 18 F.3d at 573 ("If a district court conducts an evidentiary hearing on the petition, the interests of justice require that the court appoint counsel for the petitioner.").

**E. Motion to Expand the Record**

Midder's next motion (Filing No. 168) asks the Court to "to expand Record to include Affidavits and notice of filing Affidavits and exhibits." He explains he would like "to include affidavits in support of [his] § 2255 motion." Attached to the motion are two

[3]The rule also requires a certificate of compliance and limits any reply brief to 6,500 words. *See* NECivR 7.1(d)(1)(B), (3). Failing to comply with the word limit can result in the brief being stricken or other sanctions being imposed. *See* NECivR 7.1(d)(4).

"exhibits": the "Affidavit of John P. Strong (exhibit A)" and the "Declaration of Rolando Midder (exhibit B)."

It is far from clear how either document moves the ball in any way. However, under Rule 7 of the Rules Governing Section 2255 Proceedings, the Court "may direct the parties to expand the record by submitting additional materials relating to the petition." Given that the rules contemplate consideration of additional materials and Rule 7 specifically allows "[a]ffidavits [to] be submitted and considered as part of the record," the Court will allow Midder to submit these two affidavits at this time, subject to objections by the government. The Court will also direct the Clerk of Court to seal this motion and affidavits in order to protect the minor victim's name. Midder is directed not to use the minor victim's name in any future filings.

**F. Request for Discovery**

Midder's next motion is essentially a request for discovery (Filing No. 169). He moves the Court to "allow [him] access to his case file in possession of previous counsel Mr. James Regan." He then lists an extremely broad range of documents, which include—among other things—"the Cellebrite phone data extract that was over 10,000 pages of the phone in [his] possession" and a copy of the minor victim's "recorded custodial interview."

Unlike the usual civil litigant, a prisoner challenging his conviction under § 2255 "is not entitled to discovery as a matter of ordinary course." *Newton v. Kemna*, 354 F.3d 776, 783 (8th Cir. 2004) (quoting *Bracy v. Gramley*, 520 U.S. 899, 994 (1997)). The Court may, "for good cause," authorize a party to conduct discovery in support of a § 2255 motion, but the party "requesting discovery must provide reasons for the request." Rule 6 of the Rules Governing Section 2255 Cases in the United States District Courts.

Midder has not provided any reason—let alone "good cause"—for his requested discovery. And, as Midder notes, the "case file" is in the possession of his defense attorney, but Midder doesn't say whether he's requested it. Moreover, Midder requests several

categories of documents likely not in the government's possession, such as "all data extracted" from the minor victim's phone. His request for discovery is denied.

**G. Motion for a 60-day Extension to File a Memorandum of Law**

Next, Midder requests a 60-day extension "to file a Memorandum of law for his initial § 2255 brief due to his lack of knowledge with the law and rules" (Filing No. 170).

The nature of any forthcoming memorandum of law that Midder wishes to include with his pending § 2255 motion is unclear, especially given that his motion already spans thirty-nine pages. But the Court has discretion to set the briefing schedule as to Midder's pending § 2255 motion. *See generally* Rules Governing Section 2255 Proceedings. Thus, the Court will allow Midder to file a memorandum of law in support of his pending § 2255 motion, not to exceed 13,000 words, on or before December 15, 2026. *See* NECivR 7.1(d)(1)(A).

**H. Motion for Extension of Time to File a Reply**

Lastly, Midder moves (Filing No. 171) for an extension of time to file a reply to the government's anticipated response to his § 2255 motion. The Court will deny this request without prejudice because it is premature; the government has not yet filed any response to his motion. Accordingly,

IT IS ORDERED:

1. The United States Attorney must answer or otherwise respond to defendant Rolando E. Midder's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 (Filing No. 164) on or before January 15, 2027.
2. To protect the minor victim's identity, the Clerk of Court is directed to seal the motions at Filing Nos. 168 and 169. Midder is directed not to use the minor victim's full name in any future filings.
3. Midder's motion to file his "§ 2255 motion in excess of 13 pages" (Filing No. 166) is granted.
4. Midder's motion for a 60-day extension to file a memorandum of law to accompany his § 2255 motion (Filing No. 170) is granted in part and denied in part. Midder may file a memorandum of law in support of his § 2255

motion on or before December 15, 2026. Midder's motion to include two affidavits (Filing No. 168) is granted in part as described herein.

5. All Midder's remaining motions (Filing Nos. 165, 167, 169, and 171) are denied.

Dated this 13th day of November 2026.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge